IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-47-H-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| REGINALD ALEXANDER STUBBS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 18 July 2016 for a hearing, pursuant to 18 U.S.C. § 4241, to determine defendant's competency to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (*See* D.E. 28). For the reasons stated below, the court will require an additional examination of defendant, one conducted by a psychiatrist, to assist the court in resolving the competency issue.

At the hearing, defendant presented the testimony of his girlfriend, Amber Locklear, and forensic psychologist Thomas J. Harbin, Ph.D. Dr. Harbin conducted a psychological evaluation of defendant on 7 October 2015 in connection with state charges against him and prepared a report on the evaluation dated 29 February 2016 (D.E. 21-1 at 5-8), which was admitted into evidence. Dr. Harbin testified that defendant is not competent to proceed in this case, as he had concluded with respect to the state proceeding in his report.

Defendant also introduced into evidence a letter report dated 30 March 2016 by certified forensic screener Hubert Williams, MA, QP, CSAC-I to a North Carolina state judge (D.E. 21-1 at 2-3) in connection with state charges against defendant. Mr. Williams interviewed defendant on 29 March 2016 and concluded that defendant was not competent to proceed in the state matter.

The government presented the testimony of the lead case agent on the federal charges against defendant, Roger Moore, an officer with the Fayetteville Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The government also presented the testimony of Manuel E. Gutierrez, Psy.D., a forensic psychologist employed at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). Pursuant to the court's order entered 4 April 2016 (D.E. 8), Dr. Gutierrez conducted a psychological examination of defendant from 21 April to 3 June, 2016 and prepared a report dated 13 June 2016 (D.E. 15 at 3-13), which the government introduced into evidence. Dr. Gutierrez testified that he diagnosed defendant with malingering and antisocial personality disorder, that neither of these conditions would render him incompetent, and that defendant is not incompetent.

At the close of the hearing, defendant's counsel renewed the request he made in a prehearing filing (D.E. 20 at 1) that the court require an additional examination of defendant.

After careful consideration of the evidence and argument presented at the hearing along with the other relevant portions of the record and applicable law, the court finds that an additional examination of defendant, one conducted by a psychiatrist, is needed to enable the court to make an adequately informed determination on defendant's competency. The court has the authority to require that an additional examination be done and that a psychiatrist conduct it under 18 U.S.C. § 4247(b), which provides that the court may require that a defendant be examined by "more than one" licensed or certified "psychiatrist or psychologist." Subsequent to submission of the report on the additional examination, the court will hold a supplemental hearing on defendant's competency, pursuant to 18 U.S.C. §§ 4241(a) and 4247(d).

One reason why an additional examination of defendant in the form of a psychiatric examination is necessary is that the evidence of record suggests the possibility that defendant has

one or more organic and/or neurological conditions that could affect his competency.  The possibility of such conditions is suggested by evidence that defendant suffered a stroke, sustained a head injury in a car accident, was poisoned on two occasions within the last two years, began stuttering within the last two years, and regularly engages in self-harm to his right knee.  A psychiatrist, as a physician, would be uniquely able to evaluate the existence and effect of any organic and/or neurological conditions of defendant.

The additional examination is also needed because there were material gaps in the materials available to Dr. Harbin and Dr. Gutierrez, including school records and medical records, and material differences in the materials they reviewed.  Mr. Williams did not apparently review any records in preparing his report.  As set out below, the court will require Dr. Harbin and Dr. Gutierrez to provide to the appointed psychiatrist the records they reviewed and defendant's counsel to attempt to obtain relevant records not available to either Dr. Harbin or Dr. Gutierrez.

Because the court already has a report from an examiner employed at FCI Butner, to remove any questions as to the independence of the additional examination, it is appropriate that the examination be conducted by a psychiatrist who is not employed at FCI Butner or, possibly, one who is not employed by the Federal Bureau of Prisons ("BOP") at all.  The court will therefore provide the parties the opportunity to propose the psychiatrist who will perform the additional examination.

For the foregoing reasons, defendant's request for an additional examination is ALLOWED as follows:

    1.    Defendant is hereby committed to the custody of the Attorney General.

2. The Attorney General shall hospitalize defendant in a suitable facility for such a reasonable period of time as is necessary to allow for the additional examination provided for herein.

3. The facility to which defendant is assigned shall provide defendant's counsel, upon his request, the opportunity to meet with defendant in a confidential setting, that is, one in which counsel and defendant may engage in privileged conversation outside the presence of correctional officers and others, as frequently as necessary for the effective representation of defendant in this case.

4. Defendant shall remain at the facility to which he is assigned until his release is authorized by order of this court.

5. Nothing in this Order shall authorize involuntary medication of defendant.

6. No later than 29 July 2016, each party shall file a notice proposing up to three licensed or certified psychiatrists qualified to perform a psychiatric examination of defendant pursuant to 18 U.S.C. § 4241(a), including assessment of any organic and/or neurological conditions defendant may have. Such notice shall include a certification that each proposed psychiatrist has agreed to perform a psychiatric examination of defendant, if appointed; to prepare a written report on the examination in accordance with 18 U.S.C. § 4247(b) and (c); and to complete the examination and the report within the time periods specified below. Each notice shall also include for each proposed psychiatrist the psychiatrist's curriculum vitae or comparable documentation demonstrating the psychiatrist's qualifications and providing the psychiatrist's contact information. In lieu of proposing any specific psychiatrists, a party may, if it chooses, propose that defendant be examined by any psychiatrist at a specified BOP facility or by any psychiatrist at any BOP facility other than FCI Butner.

7. The court will enter an order appointing the psychiatrist it selects to conduct the additional examination after the foregoing notices are filed. The court reserves the right to appoint a psychiatrist not proposed by either party.

8. The order of appointment will provide that: the psychiatrist must conduct the examination of defendant in accordance with 18 U.S.C. § 4247(b) within 21 days after entry of the order of appointment; defendant must cooperate in the examination; the examination must include an assessment of any organic and/or neurological conditions defendant may have and their effect, if any, on defendant's competency; the psychiatrist must prepare and provide to defendant's counsel the written report on the examination within 14 days after the examination is completed; and defendant's counsel must file the report with the court by the same deadline.

9. Within 7 days after entry of the order of appointment, defendant's counsel shall provide copies of the following materials to the appointed psychiatrist:

(a) the reports of Dr. Harbin, Dr. Gutierrez, and Mr. Williams;

(b) all materials reviewed by Dr. Harbin and Dr. Gutierrez in preparing their respective reports and for their testimony at the competency hearing;

(c) all exhibits introduced at the competency hearing besides the reports of Dr. Harbin, Dr. Gutierrez, and Mr. Williams (*see* attached Amended Exhibit List);

(d) the transcript of the competency hearing, which is being prepared at the court's request; and

(e) all of defendant's reasonably available educational records (including specifically the results of any IQ testing), mental health records, and medical records not included in the materials reviewed by Dr. Harbin and Dr. Gutierrez in preparing their reports or for their competency hearing testimony.

5

Case 5:16-cr-00047-H   Document 33   Filed 07/22/16   Page 5 of 8

10. Defendant's counsel shall serve on the government's counsel copies of all documents he provides the appointed psychiatrist other than documents filed or produced by the government in this case. Upon request by the government's counsel, defendant's counsel shall provide the government's counsel a written list of all documents he provides to the appointed psychiatrist.

11. The government's counsel shall provide to defendant's counsel copies of all the materials reviewed by Dr. Gutierrez that defendant's counsel does not already have in sufficient time for defendant's counsel to provide them to the appointed psychiatrist by the specified deadline.

12. Defendant's counsel shall take reasonable steps to obtain all school records, mental health records, and medical records of defendant not included in the materials reviewed by Dr. Harbin and Dr. Gutierrez in time to provide them to the appointed psychiatrist by the specified deadline.

13. The court has filed at D.E. 32 a copy of defendant's criminal history compiled by the United States Probation Office. It is the court's intention to take judicial notice of this criminal history, include it in the record of the competency hearing proceedings in this case, and direct that the appointed psychiatrist be provided a copy of it, subject to the court's resolution of any objections asserted by the parties to the court's taking judicial notice, including objections to the accuracy of the information in the criminal history. The parties shall file any such objections no later than 29 July 2016.

SO ORDERED, this 22nd day of July 2016.

_____
James E. Gates
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NORTH CAROLINA

| Page # | USA | Docket # 5:16-CR-47-HL |
|---|---|---|
| **Ptf.** | **vs.** | **District** 7/18/16 **Date** |
| **Deft.** Joseph Ross | Reginald Alexander Stubbs | |
| **Govt.** Frank Bradsher | | |
| Presiding Judge | Court Reporter | Courtroom Deputy |
| USMJ Gates | FTR | BH |

| DATE | NUMBER | IDENTIFIED BY WITNESS | EXHIBIT DESCRIPTION | OFFERED | OBJECT | OVERRULE | SUSTAIN | ADMITTED |
|---|---|---|---|---|---|---|---|---|
| 7/18/16 | D1 | | CV of Thomas J. Harbin, Ph.D. | x | | | | x |
| 7/18/16 | D2 | | Psychological Evaluation by Thomas J. Harbin Ph.D. | x | | | | x |
| 7/18/16 | D3 | | Letter to Judge Claire Hill from Hubert Williams | x | | | | x |
| 7/18/16 | D4 | | FPD Authorization to Release Confidential Information | x | | | | x |
| 7/18/16 | G1 | | CV of Dr. Manuel E. Gutierrez, Psy.D. | x | | | | x |
| 7/18/16 | G2 | | Psychological Evaluation by Dr. Manuel E. Gutierrez, Psy.D. (Filed at D.E. 15) | x | | | | x |
| 7/18/16 | G3 | | List of Reports reviewed by Dr. Gutierrez since completing his evaluation (Filed at D.E. 30) | x | | | | x |