IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CR-47-H-1

UNITED STATES OF AMERICA,

v.

REGINALD ALEXANDER STUBBS,

Defendant.

**ORDER**

This matter is before the court on defendant's "Motion for Emergency Hearing Regarding Reginald Stubbs' Medical Care Because Without It He May Die." The court scheduled an emergency hearing for Tuesday, September 26, 2017. At the hearing, defense counsel presented a plan for medical care to the court, to which the government concurred inasmuch as the government agrees defendant needs immediate medical evaluation.

The court, through various filings, has been duly informed of the current physical condition of the defendant. While the root cause is unknown and somewhat disputed by the parties, defendant's physical condition has deteriorated to a point that immediate medical care is necessitated. At the hearing, the court was informed that defendant is catatonic. The undersigned saw defendant, and defendant's physical condition appears to have significantly deteriorated in the past months. The court is greatly concerned regarding defendant's condition. By order filed September 26, 2017, the court ordered the Marshal Service to

facilitate a medical referral.  Defendant was taken to a hospital, but the records from such visit do not reveal any additional information to the court.

The court finds that there is reasonable cause to believe that Defendant may be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense or bearing upon Defendant's guilt or innocence of the underlying charge.  The court recognizes this is not the first evaluation conducted in defendant's case, but the court also recognizes the dire condition of defendant Stubbs, a condition that has deteriorated since his last evaluation.

The court, therefore, ORDERS that Defendant be committed to the custody of the United States Attorney General for a period not to exceed thirty (30) days for purposes of a psychological and/or psychiatric examination at FMC Butner or such other suitable facility as may be designated by the Attorney General pursuant to 18 U.S.C. §§ 4241 and 4247(b).  A report of the examination(s) shall be prepared and filed with the court pursuant to 18 U.S.C. § 4247(c), with copies provided to counsel for Defendant and counsel for the Government.

Additionally, while in the custody of the Attorney General, the court requests defendant receive a thorough medical work up for known organic causes of catatonia which would include

neuroimaging: MRI, EEG, neurological consultation, thorough physical work-up including detailed serologic studies to look for infectious or metabolic abnormalities that could contribute to his presentation. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (prisoners have right to medical care under Eighth Amendment); Bell v. Wolfish, 441 U.S. 520, 535-36 (1979) (pretrial detainees' rights, including right to medical care, flow from Due Process Clause); City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 243-44 (1983) (pretrial detainees entitled to at least the same protection as convicted prisoners).

It is further ordered that the proceedings in this case shall be CONTINUED pending a determination of Defendant's mental competency to stand trial. Any delay that results from this order is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A), as well as pursuant to 18 U.S.C. § 3161(h)(7)(A), the court finding that the interests of justice served by the additional time required to assess Defendant's competency outweigh the best interests of the public and defendant in a speedy trial.

This __2nd__ day of October 2017.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26