IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CR-47-H-1

UNITED STATES OF AMERICA,          )
                                   )
          v.                       )
                                   )
                                   )          **ORDER**
REGINALD ALEXANDER STUBBS,         )
                                   )
          Defendant.               )

This matter is before the court on the Update Regarding Medical Treatment, for competency hearing and review of the Memorandum and Recommendation (M&R) previously entered in this matter, and for an emergency hearing regarding defendant's health.

On February 23, 2016, defendant was indicted by a federal grand jury for two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 [DE #1]. At defendant's initial appearance on April 4, 2016, the government made an oral motion for defendant to undergo a mental health evaluation. Said motion was granted by the court and defendant was committed to the custody of the Attorney General under 18 U.S.C. § 4241 to undergo examination for mental competency. Following that examination, United States Magistrate Judge James E. Gates held a competency hearing in this matter on July 18, 2016. After this hearing, on July 22, 2016, the court allowed defendant's request for an additional examination. The court ultimately appointed Manish A. Fozdar, M.D., DFAPA. Dr. Fozdar issued his

evaluation on September 21, 2016. The court scheduled the second competency hearing for November 2016, but such hearing was continued at the parties' request. The hearing was held on March 14, 2017. Crediting the evaluations and testimony of Dr. Gutierrez and Dr. Fozdar which concluded defendant was malingering, Judge Gates recommended in a M&R filed April 14, 2017, to the undersigned that defendant be found competent to proceed in this case.

A competency hearing to review the M&R was scheduled for August 10, 2017, before the undersigned, but upon request was continued to this court's October 10, 2017, criminal term. However, on September 18, 2017, defendant filed an "Emergency Motion for Emergency Hearing Regarding Reginald Stubbs' Medical Care Because Without It He May Die." In response to this motion, the court held a hearing on September 26, 2017, to address defendant's medical needs. Following the hearing, the court entered two orders. First, an order on September 26, 2017, directing the Marshal Service to have defendant placed in a high level referral medical center for evaluation. Then, on October 2, 2017, the court ordered defendant committed to the custody of the Attorney General for an additional psychological examination under 18 U.S.C. § 4241 with a request for medical evaluation and treatment for defendant including a thorough medical work up for known organic causes of catatonia.

On October 24, 2017, defense counsel caused to be filed an Update Regarding Medical Treatment and a Request to Expedite Competency Hearing. The court scheduled a hearing for October 26, 2017, in response to this update. Through this update and through a letter from FMC Butner dated October 25, 2017, the court is informed defendant arrived at FMC Butner on October 11, 2017. Since that time, defendant has been uncooperative with staff efforts to engage him in medical assessment and treatment. He has refused or resisted all assessment and has been non-communicative. He appears to be suffering from symptoms of active mental illness. He has twice been administered emergency medication after consideration of the risk of harm to his physical health from not eating and extreme self neglect, both of which the medical staff attributed to his untreated psychotic symptoms.

At the hearing, at which defendant appeared along with his counsel, Joseph Ross, and counsel for the government, Frank Bradsher and James Kurosad, the court noted defendant's physical posture at this hearing and the last hearing. The court notes FMC Butner reports defendant's weight has dropped to 114 pounds.

The court heard testimony from Dr. Allissa Marquez, Forensic Psychologist at FMC Butner, who is currently treating/evaluating defendant Stubbs as well as from Logan Grady, M.D., staff psychiatrist at FMC Butner. Having heard the background and

qualifications of both witnesses, the court found both to be experts and allowed them to give their opinions to the court.

Dr. Marquez and Dr. Graddy updated the court on defendant's psychical and mental status since his arrival at FMC Butner and their opinions regarding his current needs. Mr. Stubbs' arrival at Butner has been difficult. He was placed on the most restrictive unit with high supervision by staff. He has been primarily observed lying in the fetal position or in a seated position with his legs extended and will nod his head and turn occasionally when spoken to. His clinical picture has not changed drastically in the last month or so, but continues to be very serious. His eating is very spotty. It is the opinion of the medical staff that he is unable or unwilling to cooperate with needed medical examinations and interventions due to signs of mental illness. Dr. Marquez testified that based on his current status, he would have difficulty understanding the nature and consequences of the proceedings or to consult with his counsel. Dr. Graddy indicated he and Dr. Marquez "are on the same page" in terms of needed interventions for defendant, including assessing his medical and mental health needs which would require medications to be administered.

At the conclusion of the hearing, at which the court considered the M&R of Judge Gates as well as the new evidence which has been presented to the court and the defendant's continued

4

deterioration, the court determined by a preponderance of the evidence, that defendant presently is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is ORDERED that defendant is COMMITTED to the custody of the Attorney General for hospitalization for treatment in a suitable facility as close as practicable to the court, for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit these proceedings to go forward. 18 U.S.C. § 4241(d).

At the conclusion of that period of time, not to exceed four months, the mental health care provider conducting or overseeing defendant's treatment shall prepare and submit to the court a written report, with copies provided to counsel for defendant and the government, detailing his or her professional observations, conclusions and recommendations regarding whether there exists a substantial probability that in the foreseeable future defendant will attain the capacity to permit these proceedings to go forward. Upon receipt and consideration by the court and counsel for the parties of the four-month treatment report, the court will determine whether defendant should remain hospitalized and receive treatment for an additional reasonable period of time until his

mental condition is so improved that proceedings before the court can continue, or until the pending charges against defendant are disposed of according to law, whichever is earlier.    18 U.S.C. § 4241(d).

It is further ordered that the hearing on any and all pending motions and arraignment in this case shall be CONTINUED pending a determination of defendant's mental competency to stand trial. Any delay that results from this continuance is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A). Moreover, the court finds that the interests of justice served by this continuance outweigh the best interests of the public and defendant in a speedy trial and, therefore, any delay occasioned by this continuance is also excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Additionally, at the hearing, the court heard testimony and argument regarding defendant's serious need for medication which defendant at this time is unable to consent to due to his incompetency. Involuntary administration of drugs may be approved by the court where refusal (or inability to consent) "puts his health gravely at risk." Sell v. United States, 539 U.S. 166, 182 (2003) (citing Washington v. Harper, 494 U.S. 210 (1990)).    In Sell, the Supreme Court notes "[t]here are often strong reasons for a court to determine whether forced administration of drugs can be justified on these alternative grounds before turning to

6

the trial competence question." Sell, 539 U.S. at 182 (discussing factors court must consider before allowing forced administration of antipsychotic drugs for the governmental interest of restoring competency).

Before the court today is a defendant whose medical needs are extremely serious. The court, having found defendant incompetent to proceed, must now address whether defendant can be medicated in order to prevent further harm to defendant and to restore his health, both physical and mental. The court does not take lightly the significance of forced medication, but neither does it take lightly this particular defendant's physical and mental condition and his obvious need for evaluation and treatment, both of which, according to the medical professionals at FMC Butner, require administration of drugs.

Therefore, having considered all the evidence before the court, the court finds strong and significant reasons to allow forced administration of drugs in order for defendant to receive proper treatment. Therefore, the court hereby authorizes the staff at FMC Butner to, within the guidelines of their professional knowledge, administer appropriate drugs to defendant in order to have him evaluated and treated to save his life and attempt to restore his health.

Here, this court need not reach at this stage whether, under Sell, antipsychotic medications can be involuntarily administered

7

to defendant for the sole purpose of restoring competency. This issue may be raised by the FMC Butner staff, and the parties, at the appropriate time, if necessary.

For the foregoing reasons, the M&R of the magistrate judge is rejected. Having found defendant incompetent to proceed, having committed him to the custody of the BOP, and having granted the staff at FMC Butner the right to involuntarily medicate defendant for his own health and safety, the court hereby orders defendant immediately transferred back to FMC Butner.

This 26TH day of October 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

8